IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tony Chemell Bryant,

Plaintiff,

v.

South Carolina Dept. of Corrections;
Warden Wallace,

Defendants.

Civil Action No. 0:26-cv-2813-BHH

**ORDER**

This matter is before the Court upon Plaintiff Tony Chemell Bryant's ("Plaintiff") *pro se* complaint alleging violations of his civil rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 30, 2026, the Magistrate Judge issued an order instructing Plaintiff to file the documents necessary to bring his case into proper form for initial review and the issuance and service of process. (ECF NO. 8.) Plaintiff did not, however, respond to the Magistrate Judge's order. Therefore, on August 28, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this matter under Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to comply with a court order and failure to prosecute. (ECF No. 12.) In addition, the Magistrate Judge recommended that the Court deny Plaintiff's motion for leave to proceed *in forma pauperis* because it is incomplete and Plaintiff has not filed the required financial certificate.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To

date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12), and the Court summarily dismisses this action without prejudice. The Court also denies Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) because it is incomplete.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 18, 2026
Charleston, South Carolina